Case: 30CI1:25-cv-00113-CT    Document #: 1    Filed: 06/04/2025    Page 1 of 2

| COVER SHEET<br>Civil Case Filing Form<br>*(To be completed by Attorney/Party Prior to Filing of Pleading)* | Court Identification Docket #<br>County # `30`  Judicial District `19`  Court ID `CI` (CH, CI, CO) | Case Year<br>`2025` | Docket Number<br>`00113`<br>Local Docket ID |
|---|---|---|---|
| Mississippi Supreme Court  Form AOC/01<br>Administrative Office of Courts  (Rev 2020) | `06` `04` `25`<br>Month  Date  Year<br>This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

In the CIRCUIT ▼ Court of JACKSON ▼ County — Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: Webb, Sheila

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

Business ___

___ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

Address of Plaintiff ___

Attorney (Name & Address): Mary Miller, Morris Bart, Ltd., 1712 15th St Ste 300, Gulfport, MS 39501     MS Bar No. 106136

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: /s/

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: ___

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

Business: Wal-Mart Stores East, LP

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ___

Attorney (Name & Address) - If Known: ___    MS Bar No. ___

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other ___ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other ___ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other ___ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other ___ | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other ___ | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Joint Conservatorship & Guardianship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Heirship | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Intestate Estate | [ ] Other ___ | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Minor's Settlement | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Muniment of Title | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Name Change | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Testate Estate | [ ] Declaratory Judgment | [X] Premises Liability |
| [ ] Other ___ | [ ] Will Contest | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Other ___ | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [ ] Other ___ |

Also on right column near top: [ ] Alcohol/Drug Commitment (Voluntary); [ ] Other ___

**EXHIBIT A**

CIRCUIT - CIVIL    HANDED ☐
               MAILED ☒

No. 44231    Date 06/04

Received Of **Morris Bart, LTD.**

Cause No. **25-113**

| For: | |
|---|---|
| Clerk's Fees | $85.00 |
| JSO Fund | $40.00 |
| Steno Tax | $10.00 |
| Jury Tax | $3.00 |
| Law Library | $2.50 |
| SCEF | $2.00 |
| Court Adm. Fund | $2.00 |
| CECSF | $10.00 |
| CLAF | $5.00 |
| SCCF | $0.50 |
| RM FEE | $1.00 |
| Copy of Summons Return | |
| Other Advance Cost | |
| TOTAL | $161.00 |

Total Amount Paid $ **161.00**
Check No. **161908**

For **new complaint**

**RANDY CARNEY**
CIRCUIT CLERK OF JACKSON COUNTY

By _[signature]_
DEPUTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**
JUN 04 2025
RANDY CARNEY, CLERK
BY_____ D.C.

SHEILA WEBB                                                      **PLAINTIFF**

VS.                                         CAUSE NO: 25-113(CT)

WAL-MART STORES EAST, LP                                          **DEFENDANT**

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, SHEILA WEBB (hereinafter may be referred to as "Plaintiff") who files this Complaint against the Defendant, WAL-MART STORES EAST, LP (hereinafter who may be referred to as "Wal-Mart" or "Defendant") and in support of said claim for relief, would show unto this Honorable Court the following, to-wit:

## PARTIES

1.

The Plaintiff, Sheila Webb, is a person of majority and domiciled in adult resident citizen of Jackson County, domiciled at 10801 Lot 1, Grand Bay, Mobile County, State of Alabama.

2.

The Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart") upon information and belief, is a foreign corporation licensed to do business and currently doing business in the State of Mississippi who may be served by the Mississippi Rules of Civil Procedure via its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

3.

This cause of action occurred or accrued in Jackson County, Mississippi; and pursuant to the provisions of Miss. Code Ann. §11-11-3, as amended, venue is proper in this Court.

## FACTS

4.

That on or about July 18, 2023, and at all times hereinafter mentioned, Plaintiff, at approximately 1:00 p.m., Sheila Webb was a business invitee at Wal-Mart Supercenter, Store 1066, located at 4253 Denny Avenue, in the City of Pascagoula, County of Jackson, State of Mississippi.

5.

While near the back of the store in the milk section, and while exercising due care and caution for her own safety, Plaintiff, Sheila Webb, slipped and fell on liquid milk on the floor which resulted in serious injuries and damages sued upon herein.

6.

The Plaintiff would further show that the Defendant and its employees knew or should have known that there was a dangerous condition on the floor, but failed take reasonable steps to inspect and/or remedy the dangerous condition prior to the Plaintiff's fall or warn the public of the unreasonably dangerous condition of its slippery floor.

7.

The employee(s) working for the Defendant failed to warn, failed to adequately warn, or otherwise failed to notify the Plaintiff of the dangerous condition in the floor near the milk section which they caused and/or they knew existed which resulted in Plaintiff's injuries from the subject fall.

8.

The Defendant, Wal-Mart, was the entity solely responsible for maintaining the premises in a safe condition.

## **LIABILITY**

9.

The allegations of the previous paragraphs are incorporated by reference.

10.

The aforesaid slip and fall incident sued on herein was the fault of, and proximately caused by the negligence of Defendant, Wal-Mart, in the following, non-exclusive respects:

a. In negligently failing to maintain reasonable and safely operate said business;

b. In operating the business in an improper, unsafe, and negligent manner;

c. In negligently failing to safely inspect the condition of its floors;

d. In negligently failing to safely repair the slippery condition of its floors;

e. In negligently hiring or retaining employees, agents or contractors;

f. In negligently supervising its employees;

g. In negligently failing to assure that the floors were safe;

h. In negligently failing to warn the Plaintiff of a hidden danger that they caused;

i. In negligently failing to safely demarcate a danger in which they were aware of, or should have been aware of;

j. In negligently failing to remove the danger in a timely manner;

f. In violating the duties owed to a business invitee;

g. In violating industry standards and building codes;

h. In violating company policies and procedures, including but not limited to, cleaning, inspecting, and maintaining the facility to identify dangers, eliminate dangers and/or warn of dangers known to it;

3

  i. In violating the Revised Statutes of the State of Mississippi, all of which are pled as if copied herein in extenso; and

  j. All other acts of negligence which were the cause of the slip and fall incident sued upon and will be shown at the trial of this matter.

11.

Defendant, Wal-Mart is directly liability for the damages resulting from the above acts of negligence, all of which proximately caused the incident sued upon and the foreseeable injuries which resulted.

12.

In the alternative, under the theory of *respondeat* superior, the Defendant is vicariously liable for the actions of its employees, agents, joint agents or contractors whose actions caused or contributed to the incident sued upon and the foreseeable injuries which resulted.

## DAMAGES

13.

The allegations of the previous paragraphs are incorporated by reference.

14.

That as a result of the aforesaid fall, Plaintiff, Sheila Webb, has sustained serious injuries including, but not limited to: her right arm, back, right hip, right leg, and bilateral knees, which have rendered her permanently disabled.

15.

As a result of the acts of negligence pled, Plaintiff, Sheila Webb, has suffered the following damages: bills for medical treatment, past and future; physical pain and suffering including loss of enjoyment of life, past and future; mental and emotional distress, past and future; permanent scarring and disfigurement, lost wages and permanent impairment and disability.

16.

Plaintiff shows that she is entitled to a trial by jury on all issues and all counts raised herein, and prays for a trial by jury.

**WHEREFORE,** your Plaintiff, Sheila Webb, prays that Defendant, Wal-Mart Stores East, LP be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, and against Defendant, as alleged, together with legal interest at the rate of 8%, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, and for all legal and equitable relief this honorable court shall deem appropriate. Further, a **TRIAL BY JURY** is requested on all issues raised herein.

RESPECTFULLY SUBMITTED, this the 30th day of May, 2025.

ATTORNEYS FOR THE PLAINTIFF
**MORRIS BART, LTD.**
**MARY ASHLEY MILLER, ESQ. (MSB 106136)**
1712 15TH STREET, SUITE 300
GULFPORT, MS 39501
TELEPHONE: (228) 574-4129
FACSIMLE:   (228) 300-3127
EMAIL: Mmiller@morrisbart.com

BY: _____
MARY ASHLEY MILLER, MSB #106136

5

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**SHEILA WEBB**  **PLAINTIFF**

**VS.**  **CIVIL ACTION NO.:** 25-113

**WAL-MART STORES EAST, LP**  **DEFENDANT**

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO:  Wal-Mart Stores East, LP
By and through its Registered Agent for Service of Process
CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232
Or wherever they may be found

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Mary Ashley Miller, Esquire, the attorney for the Plaintiff, whose address is 1712 15th Street, Suite 300, Gulfport, MS, 39501.

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 04 day of June, 2025.

CIRCUIT CLERK OF JACKSON COUNTY

BY: _Sydney Bishop_ D.C.

*Sheila Webb vs. Wal-Mart Stores East, LP*

RETURN

**Wal-Mart Stores East, LP**
**By and through its Registered Agent for Service of Process**
**CT Corporation System**
**645 Lakeland East Drive, Suite 101**
**Flowood, MS 39232**
**Or wherever they may be found**

    I, the Undersigned process server, served the summons, complaint and discovery upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

    ( ) PERSONAL SERVICE. I personally delivered copies of the summons, complaint and discovery on the _____ day of _____, 2025, to:

_____

    ( ) RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, Mississippi. I served the summons, complaint and discovery on the _____ day of _____, 2025, at the usual place of abode of said person by leaving a true copy of the summons, complaint and discovery with _____ who is the _____ (insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years, and willing to receive the summons, complaint and discovery and thereafter, on the _____ day of _____, 2025. I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

    At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $ _____
Name: _____
Address: _____
Soc. Sec. No.: _____
Telephone No.: _____

State of Mississippi

County of _____

    Personally, appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set for in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

    Sworn to and subscribed before me on this the ___ day of _____, 2025.

_____
Notary Public

(Seal) My commission Expires:

_____

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | |
|---|---|
| SHELIA WEBB, | * |
| Plaintiff, | * |
| vs. | * CASE NO. 30Cl1:25- cv—00113CT |
| WAL-MART STORES EAST, LP | * |
| Defendants. | * |

## ANSWER

Defendant, Wal-Mart Stores East, L.P. ("Walmart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

### PARTIES

1.

Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but admits the same at this time.

2.

Wal-Mart Stores East, L.P. denies it is a foreign corporation, but admits it is a foreign limited partnership authorized to do business in Mississippi and may be served via its registered agent, and that at all times pertinent herein was the operator of the premises where this incident allegedly occurred.

## JURISDICTION AND VENUE

3.

Walmart admits that, at this time, venue is appropriate in the Circuit Court of Jackson County, Mississippi, and that this Court has jurisdiction over the parties and this cause of action. Walmart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## FACTS

4.

Walmart admits Plaintiff was present on its premises in Pascagoula, Mississippi, on July 18, 2023, and admits Plaintiff was involved in an incident. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence at the Walmart, or her status as a "business invitee" and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

5.

Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning the details of how this incident occurred, or Plaintiff's medical condition or alleged injuries and damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof

6.

Walmart denies the allegations of this paragraph and demands strict proof thereof.

7.

Walmart denies the allegations of this paragraph and demands strict proof thereof

8.

Walmart admits at all times pertinent herein was the operator of the premises where this incident occurred. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

## LIABILITY

9.

Walmart adopts hereby and incorporates by reference all previous paragraphs the same as though repeated fully herein.

10.

Walmart denies its conduct was the sole or proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages and demands strict proof thereof. Walmart denies its conduct constituted negligence and denies all allegations contained in subparts a. through j. and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

11.

Walmart denies the allegations of this paragraph and demands strict proof thereof.

12.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

DAMAGES

13.

Walmart adopts hereby and incorporates by reference all previous paragraphs the same as though repeated fully herein.

14.

Walmart denies its conduct was the sole or proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages and demands strict proof thereof. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

15.

Walmart denies its conduct constituted negligence, and denies it was the sole or proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and

damages and demands strict proof thereof. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries or damages and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

16.

Walmart also demands trial but struck jury, but denies Plaintiff is entitled to any recovery in this matter.

Wal-Mart denies the allegations contained in the unnumbered paragraph following paragraph 16 which begins "Wherefore" and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

**AFFIRMATIVE DEFENSES**

1. Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2. Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which she complains and, therefore, under Mississippi law, she is not entitled to recover any damages, or her recovery should be reduced proportionately.

3. The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Mississippi law, and thereby obviating any alleged duty to warn.

4. Defendant did not have notice of the alleged hazard about which Plaintiff complains and therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard or warn of it.

5. No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

6. Defendant owed Plaintiff no duty as alleged, the breach of which neither caused nor contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demand credit for any and all monies paid to, or on behalf of Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate her alleged damages, and therefore is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this Defendant.

11. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

*/s/ W. Pemble DeLashmet*
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-7994

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day 14th day of July, 2025 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Mary Ashley Miller
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501

                                                    */s/ W. Pemble DeLashmet*
                                                    OF COUNSEL

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

| | |
|---|---|
| SHELIA WEBB, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 30CI1:25-CV-000113-CT |
| | * |
| WAL-MART STORES EAST, LP | * |
| | * |
| | * |
| | * |
| Defendants. | * |

### NOTICE OF REMOVAL

TO:   Circuit Court Clerk Randy Carney
JACKSON COUNTY-CIVIL DIVISION
3104 Magnolia Street
Pascagoula, MS 39567-4127

There is hereby filed with you a copy of the Notice of Removal filed by Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), through undersigned counsel, in the case styled *"Sheila Webb, Plaintiff v. Wal-Mart Stores East, LP."* Civil Action No. 30CI1:25-CV-000113-CT, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on 14th day of July, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on 14th day of July, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Jackson County, Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND     (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day 14th day of July, 2025 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Mary Ashley Miller
Morris Bart, LTD
1712 15th Street, Suite 300
Gulfport, MS  39501

/s/ W. Pemble DeLashmet
OF COUNSEL